RECEIVED
SEP 21 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
DIVISION

MIKHAIL S. TSUKERMAN

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

LAW FIRM OF BECKER, HOERNER & YSURSA; THOMAS J. HUNTER

*(Write the full name of each defendant. The caption must include the names of all of the parties. Fed. R. Civ. P. 10(a). Merely listing one party and writing "et al." is insufficient. Attach additional sheets if necessary.)*

**Complaint for a Civil Case**

Case No.
*(to be assigned by Clerk of District Court)*

Plaintiff requests trial by jury:
☒ Yes  ☐ No

## CIVIL COMPLAINT

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepaying fees or costs.*

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | MIKHAIL S. TSUKERMAN |
| Street Address | 5 DELCREST COURT, APT. 104 |
| City and County | ST. LOUIS, ST. LOUIS |
| State and Zip Code | MISSOURI, 63124 |
| Telephone Number | 314-359-0954 |
| E-mail Address | tsukerman@sbcglobal.net |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). <u>Attach additional pages if needed.</u>

Defendant No. 1

| | |
|---|---|
| Name | LAW FIRM OF BECKER, HOERNER & YSURSA |
| Job or Title | LAW FIRM |
| Street Address | 5111 WEST MAIN STREET |
| City and County | BELLEVILLE, ST. CLAIR |
| State and Zip Code | ILLINOIS, 62226 |
| Telephone Number | 618-235-0020 |
| E-mail Address | NA |

SUING THIS DEFENDANT IN AN OFFICIAL CAPACITY

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant. If you are suing for violation of your civil rights, you must state whether you are suing each defendant in an official capacity, individual capacity, or both.)*

2

## I. The Parties to This Complaint

### A. The Plaintiff(s) SAME AS THE PREVIOUS PAGE

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address | |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. ~~1~~ 2

| | |
|---|---|
| Name | THOMAS J. HUNTER |
| Job or Title | LAWYER |
| Street Address | 5111 WEST MAIN STREET |
| City and County | BELLEVILLE, ST. CLAIR |
| State and Zip Code | ILLINOIS, 62226 |
| Telephone Number | 618-235-0020 |
| E-mail Address | tjh@bhylaw.com |

SUING THIS DEFENDANT IN BOTH OFFICIAL AND INDIVIDUAL CAPACITY

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant. If you are suing for violation of your civil rights, you must state whether you are suing each defendant in an official capacity, individual capacity, or both.)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only three types of cases can be heard in federal court. Provide the information for this case. *(Include all information that applies to your case)*

### A. Federal question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. §1983 (MONELL CLAIM)

### B. Suit against the Federal Government, a federal official, or federal agency

List the federal officials or federal agencies involved, if any.

NA

### C. Diversity of Citizenship

These are cases in which a citizen of one State sues a citizen of another State or nation, and the amount at stake is more than $75,000. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

1. The Plaintiff(s)

    The plaintiff, *(name)* MIKHAIL S. TSUKERMAN, is a citizen of the State of *(name)* MISSOURI.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

3

2. The Defendant(s)

If the defendant is an individual

The defendant, (name) THOMAS J. HUNTER, is a citizen of the State of (name) ILLINOIS Or is a citizen of (foreign nation) _____.

If the defendant is a corporation

The defendant, (name) LAW FIRM OF BECKER, HOERNER & YSURSA is incorporated under the laws of the State of (name) ILLINOIS, and has its principal place of business in the State of (name) ILLINOIS Or is incorporated under the laws of the State of (foreign nation) _____, and has its principal place of business in (name) _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy----the amount the plaintiff(s) claims the defendant(s) owes or the amount at stake----is more than $75,000, not counting interest and costs of court, because *(explain)*:

DEFENDANTS' ACTIONS CAUSED PLAINTIFF LOSSES IN EXCESS OF $75,000 AS WELL AS PAIN AND SUFFERING

4

### III. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

I WAS DISCHARGED FROM MY JOB BY MY EX-EMPLOYER FOR A MADE-UP EXCUSE, WHILE THE REAL REASON WAS RELIGIOUS AND AGE DISCRIMINATION AND RETALIATION, IN 2014. I SUED MY EX-EMPLOYER ON THESE GROUNDS, INITIATING IN 2016. SINCE IT HAPPENED IN BARRY, ILLINOIS, I SUED IN CENTRAL DISTRICT OF ILLINOIS. MY EX-EMPLOYER HIRED 2 LAW FIRMS TO DEFEND THEM, INCLUDING DEFENDANTS. IN 2018 MY EX-COUNSEL DUE TO PERSONAL TROUBLES UNRELATED TO ME, CLOSED MY CASE WITHOUT MY CONSENT. WHEN I REVIVED THE CASE PROCEEDING PRO SE, DEFENDANTS REFUSED TO COMMUNICATE WITH ME, WHILE AT THE SAME TIME ALWAYS OBJECTING TO MY MOTIONS. BECAUSE OF THAT, THE COURTS INVARIABLY RULED IN DEFENDANTS' FAVOR EVEN THOUGH IT CONTRADICTED BOTH LOCAL RULES AND ESTABLISHED PRECEDENTS. AS A RESULT, MY CASE WAS NEVER REVIEWED ON ITS MERITS. DUE TO DEFENDANTS' ACTIONS, I LOST ANY COMPENSATION I COULD RECEIVE IF MY CASE WOULD BE ADJUDGED ON MERITS. DEFENDANT HUNTER ON BEHALF OF BECKER, HOERNER & YSURSA ACTED IN BAD FAITH THROUGHOUT MY CASE. DEFENDANTS' ACTIONS ALSO CONSTITUTE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### IV. Relief

State briefly and precisely what damages or other relief you want from the Court. Do not make legal arguments.

FINANCIAL COMPENSATION FOR LOST WAGES, PAIN AND SUFFERING DUE TO DEFENDANTS' ACTIONS
RECOMMENDATION FOR DISBARMENT OF DEFENDANT HUNTER, SENT BOTH TO MISSOURI'S OCDC AND ILLINOIS' ARDC

5

Do you claim the wrongs alleged in your complaint are continuing to occur now?

Yes ☒   No ☐

Do you claim actual damages for the acts alleged in your complaint?

Yes ☒   No ☐

Do you claim punitive monetary damages?

Yes ☒   No ☐

If you indicated that you claim actual damages or punitive monetary damages, state the amounts claimed and the reasons you claim you are entitled to recover these damages.

COMPENSATORY DAMAGES: I PLANNED TO WORK UNTIL THE AGE OF 62. I WAS DISCHARGED 14 YEARS PRIOR TO THAT. ACCORDING TO SALARY SCHEDULE ESTIMATES, 14 × $50,000 = $700,000
PUNITIVE DAMAGES: DUE TO DEFENDANTS' DE FACTO HABIT OF BAD FAITH AND MY PAIN AND SUFFERING AS A RESULT, DEFENDANTS' PUNITIVE DAMAGES PAID BY THEM SHOULD MATCH THE AMOUNT OF COMPENSATORY DAMAGES

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 21 day of SEPTEMBER, 20 22.

Signature of Plaintiff(s) Mikhail S. Tsukerman

6

RECEIVED
SEP 21 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION**

| | |
|---|---|
| Mikhail S. Tsukerman, | |
| Plaintiff, | C.A. No. |
| | JURY TRIAL DEMANDED |
| v. | |
| Law firm of Becker, Hoerner & Ysursa; Thomas J. Hunter, Attorney-at-Law | |
| Defendants. | |

## COMPLAINT

### NATURE OF ACTION

1. This is an action for damages and injunctive relief against Defendants, the law firm of Becker, Hoerner & Ysursa and its member attorney Thomas J. Hunter ("Hunter"), collectively called "Hunter Defendants", for conducting the employment discrimination case against Plaintiff Mikhail Tsukerman in bad faith in violation of FRCP 11, Defendants' unjust enrichment in that case, deprivation of Plaintiff's civil rights by Defendants in violation of 42 U.S.C. § 1983 (Monell claim) and the intentional infliction of emotional distress by Defendants against Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 (federal question).

3. The Plaintiff is a Missouri resident. The unlawful practices described herein were committed within St. Clair County, Illinois, which is the Defendants' residence. Different jurisdictions make this case a federal case.

1

4. Based on *Walden v. Fiore*, 571 U.S. 277 • 134 S. Ct. 1115 (2014), the plaintiff cannot be the only link between defendants and the forum. In this case, multiple Hunter Defendants, including Defendant Hunter, voluntarily maintain Missouri law licenses. Additionally, the propriety of suing Hunter Defendants outside their residence in Illinois is supported by the precedent in which Hunter Defendants are sued in State of Indiana in an unrelated case of *Ysursa v. Frontier Prof'l Baseball, Inc.*, Case No. 20A-CT-49 (Court of Appeals of Indiana, decided July 2, 2020). Accordingly, venue in the Eastern District of Missouri is proper.

## PARTIES

5. Plaintiff is a former employee of Western CUSD #12 ("Western"), which chose Hunter Defendants to represent them in employment discrimination case brought against them by Plaintiff, who worked as a teacher for Western from August 2012 until the end of May 2014.

6. Plaintiff is Jewish, has an ethnic-sounding last name, and speaks with a marked accent, making his religion readily recognizable.

7. Plaintiff was born in 1965.

8. Defendants are a law firm located in St. Clair County, Illinois and were representing Plaintiff's ex-employer Western at all times relevant to this action.

## FACTUAL ALLEGATIONS

9. Western hired Plaintiff in August 2012 to be a high school math teacher.

10. During his employment with Western, Plaintiff was subjected to severe instances of antisemitic hate, including swastikas drawn on his classroom's walls and a student marching Nazi style in Plaintiff's classroom while giving Nazi salute. Upon information and belief, no other teachers were victims of having swastikas drawn in their classrooms.

2

11. In addition to responding to these incidents completely inadequately, Western terminated Plaintiff's employment against his wishes, with last day of Plaintiff's employment being in May 2014.

12. Plaintiff's involuntary termination was based on negative job evaluations which Plaintiff considers false and which he promptly contested in timely manner.

13. Plaintiff sued Western for employment discrimination in Central District of Illinois – Springfield Division. In response, Western hired not one but two law firms to defend them – Hunter Defendants and the law firm of Schmiedeskamp Robertson Neu & Mitchell LLP from Quincy, Illinois, with Hunter Defendants being primary defense counsel.

14. Hunter Defendants conducted the case in bad faith from the very beginning. They rejected any negotiations out of hand and never offered even nominal settlement despite being prompted by Courts to negotiate. Hunter Defendants also willingly and knowingly falsified records.

15. Hunter Defendants refused to communicate with Plaintiff while never missing an opportunity to call for denial of Plaintiff's submissions to the Courts, with the last such objection occurred in October 2021, well within the statute of limitations.

16. If not for Hunter Defendants' opposition to Plaintiff's submissions, Plaintiff's motions for relief, supported by evidence, would be rightfully granted by the Courts.

17. Plaintiff's case was dismissed with prejudice on pure technicalities rather than merits of the case, directly contrary to landmark case of *Foman v. Davis,* 371 U.S. 178 • 83 S. Ct. 227 (1962), despite multiple appeals outlining the underlying merits of the case and supporting precedents. Rejections of Plaintiff's appeals were nonprecedential.

18. Hunter Defendants exerted undue influence over the Courts through ex-partner Kevin Hoerner, who ascended to judgeship in state of Illinois. To Plaintiff's knowledge, Plaintiff was

the only non-incarcerated litigant whose application to proceed *in forma pauperis* was denied based on 28 U.S.C. § 1915 for allegedly not being in good faith even though it was.

19. Hunter Defendants conduct the cases they are involved in for their own enrichment and with total disregard of standards of American judicial system. More precisely, they deny any responsibility whatsoever and reject negotiations when representing defendants and put forward greedy and outlandish demands when representing plaintiffs.

20. For such conduct, described in previous paragraph, Hunter Defendants and/or their predecessors/separate lawyers/clients were harshly rebuked in multiple cases by both Federal and State Courts having jurisdiction in the States of Illinois and Indiana. In the latter, none of Hunter Defendants is even licensed to practice law.

21. Hunter Defendants, a private company, can be viewed as municipality for the purposes of Monell claim, as based on Federal Courts' earlier precedents.

22. On August 20, 2014, Plaintiff filed a Charge of Discrimination with the EEOC against Western, his ex-employer.

23. On April 29, 2016, the EEOC issued its Notice of Right to Sue.

24. The employment discrimination suit against Western has been filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

25. Hunter Defendants submitted to Central frivolous and meritless motion for summary judgment, despite obvious existence of genuine dispute of material facts in the underlying case.

26. Hunter Defendants' actions in the underlying case caused Plaintiff loss of potential monetary compensation as well as inflicted on him mental anguish and emotional distress which necessitated doctors' intervention.

## COUNT I — Conducting the Case in Bad Faith

27. Plaintiff incorporates paragraphs 1 through 26, as if fully incorporated herein.

28. Defendants were representing an employer in employment discrimination case.

29. Defendants conducted the case against Plaintiff in bad faith, in violation of FRCP 11 by:

    A. rejecting all negotiations in the underlying employment discrimination case;

    B. submitting frivolous and meritless motion for summary judgment despite presence of genuine dispute of material facts in the case; and

    C. extorting money from Plaintiff in direct contradiction of Local Rules.

30. As a direct and proximate result of Defendants' violations, Plaintiff has been damaged in that he has lost the benefits of full employment and has suffered embarrassment, humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff requests this Court enter judgment in his favor and against Defendants in an amount determined by the jury and by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of Federal Rules of Civil Procedure;

B. Enjoining and permanently restraining these violations of FRCP;

C. Awarding Plaintiff amount equal to back wages and lost benefits and interest due to Defendants' violations of FRCP in underlying case;

D. Directing Defendants to pay Plaintiff front pay from underlying case;

E. Directing Defendants' employees to undergo training with regard to religious bigotry, Nazism, and the Holocaust; and,

F. Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

## COUNT II — Unjust Enrichment

31. Plaintiff incorporates paragraphs 1 through 30, as if fully incorporated herein.

32. The Courts prompted Defendants to go through the arbitration/mediation process in order to assure speedy resolution of the case, but Hunter Defendants flatly rejected such opportunity.

33. Defendants failed to offer Plaintiff even the nominal/minimal settlement amount at any stage of the underlying employment discrimination case, refusing to recognize any responsibility for the Defendants in that case.

34. Defendants intentionally dragged the case to assure the greatest possible number of billable hours.

35. After Plaintiff refiled the case *pro se*, Defendants abused the fact of absence in the jurisdictions under the Seventh Circuit Court of Appeals of a governing precedent similar to *Herring v. City of Whitehall,* 804 F.2d 464 (8th Cir. 1986), which would effectively preclude Defendants from demanding Plaintiff to pay expenses incurred by Defendants when Plaintiff's ineffective ex-counsel closed the case. Defendants obsessively demanded from Plaintiff to pay the said expenses upfront rather than deducting them from a trial award or settlement amount, even though demand of upfront payment directly contradicted District Court of Illinois – Central Division's ("Central") Local Rule 83.13 as well as established precedents.

36. Defendants also submitted to Central the frivolous and meritless motion for sanctions pursuant to FRCP 11, in which they violated safe harbor provision of FRCP 11.

37. Defendants submitted to Central the frivolous and meritless motion for sanctions pursuant to FRCP 11 for the second time. While that time it satisfied safe harbor provision, Defendants blackmailed Plaintiff in violation of 18 U.S.C. §873 in order to force Plaintiff to immediately withdraw his submissions to Central.

6

38. In the said motion for sanctions, Defendants demanded Plaintiff to pay according to their exorbitant $205/hour fees which they brazenly called "reasonable and customary" despite being fully aware of Plaintiff's indigence, the fact they failed even to address, let alone challenge.

39. As a direct and proximate result of Defendants' violations, Plaintiff has been damaged in that he has lost the just compensation for unlawful loss of gainful employment and has suffered embarrassment, humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff requests this Court enter judgment in his favor and against Defendants in an amount determined by the jury and by:

   A. Declaring that the acts and practices by Defendants as described herein constitute a violation of Federal Rules of Civil Procedure;
   B. Enjoining and permanently restraining these violations of FRCP;
   C. Awarding Plaintiff amount equal to back wages and lost benefits and interest due to Defendants' violations of FRCP in underlying case;
   D. Directing Defendants to pay Plaintiff front pay from underlying case;
   E. Directing Defendants' employees to undergo training with regard to religious bigotry, Nazism, and the Holocaust;
   F. Directing Defendants' employees to undergo training with regard to proper responses to complaints relating to discrimination;
   G. Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

### COUNT III —42 U.S.C. §1983 (Monell Claim)

40. Plaintiff incorporates Paragraphs 1 through 39 as though fully set forth herein.

41. Defendants are a private law firm that can be viewed as municipality based on appropriate law precedents.

42. Defendants violated Plaintiff's civil rights where he sought to remedy an instance of employment discrimination against him by ex-employer, which Defendants represented.

43. Defendants' conduct represents de facto unwritten policy of violating principles of American judicial system, for which Defendants and/or their predecessors/separate lawyers/clients were harshly rebuked by multiple Federal and State Courts, as evidenced by cases of *Alexander v. Casino Queen, Inc.*, 739 F.3d 972 (7th Cir. 2014), *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926 (S. D. Ill. 2006), *Brandon v. Anesthesia Pain Management Ltd.*, 419 F.3d 594 (7th Cir. 2005), *ESM Development Corp. v. Dawson*, 795 N.E.2d 397 (Ill. App. 5 Dist. 2003) • 342 Ill. App.3d 688 (Ill. App. Ct. 2003), *Guava LLC v. Comcast Cable Commc'ns, LLC*, 10 N.E.3d 974, 982 • 2014 Ill. App. 5th 130091 (Ill. App. Ct. 2014) • 381 Ill. Dec. 565, *Kitson v. Bank of Edwardsville*, 240 F.R.D 610 (S. D. Ill., November 16, 2006), *Lightspeed Media Corp. v. Smith*, 761 F.3d 699 (7th Cir. 2014), *People v. Willoughby*, 250 Ill. App.3d 699 (Ill. App. Ct. 1993) • 620 N.E.2d 617, *Prenda Law, Inc. v. Godfread*, Case No. 13-cv-4341 (N. D. Ill. - Eastern Division, February 3, 2014), *Riley-Jackson v. Casino Queen, Inc.*, 782 F.Supp.2d 692 (S. D. Ill., March 1, 2011) and *Ysursa v. Frontier Prof'l Baseball, Inc.*, Case No. 20A-CT-49 (Court of Appeals of Indiana, decided July 2, 2020), in last of which Hunter Defendants are defendants themselves.

44. As a direct and proximate result of Defendants' violations of 42 U.S.C. §1983, Plaintiff has been damaged in that he has been deprived of his civil rights.

45. Defendants' violations were willful.

WHEREFORE, Plaintiff requests this Court enter judgment in his favor and against Defendants in an amount determined by the jury, award Plaintiff liquidated damages and:

    A. Declare that the acts and practices by Defendants as described herein constitute violations of 42 U.S.C. §1983;

    B. Enjoin and permanently restrain these violations of 42 U.S.C. §1983;

    C. Direct Defendants to pay Plaintiff front pay from the underlying case;

    D. Award Plaintiff appropriate interest, attorneys' fees, costs, and such further and additional relief as the Court may deem just and proper.

### COUNT IV —Intentional Infliction of Emotional Distress

46. Plaintiff incorporates Paragraphs 1 through 45 as though fully set forth herein.

47. From the very beginning of getting involved in Plaintiff's case, Defendants knew about his Jewish heritage.

48. From the very beginning of getting involved in Plaintiff's case, Defendants also knew about Plaintiff being a direct descendant of both Holocaust survivors and victims.

49. Defendants openly and brazenly questioned Plaintiff's Jewish heritage that he acquired from birth, calling it "now claimed religious persuasion or heritage" in their Court submissions, while also failing to acknowledge that Plaintiff is Jewish or call him as such.

50. Defendants' actions unambiguously show that they would not accept any outcome of the case other than complete dismissal.

51. Defendants failed to address, much less challenge the assertion in the previous paragraph after Plaintiff brought that issue to the Courts' attention.

52. Defendants failed to communicate with Plaintiff at any point when he was acting *pro se*, while at the same time never missing an opportunity to call for denial of his submissions, thus dragging the case along for years and preventing its equitable and speedy resolution.

53. As a direct and proximate result of Defendants' violations, Plaintiff has been damaged in that he has lost the opportunity to get his case decided on merits as well as acquire peace of mind, resulting in necessity for Plaintiff to seek professional help of a psychiatrist in order to treat mental issues directly related to the case

54. Defendants' violations were willful.

WHEREFORE, Plaintiff requests this Court enter judgment in his favor and against Defendants in an amount determined by the jury, award Plaintiff liquidated damages and:

    A. Declare that the acts and practices by Defendants as described herein constitute violations of the American justice system's principles;

    B. Enjoin and permanently restrain these violations;

    C. Direct Defendants to compensate Plaintiff for intentional infliction of emotional distress they caused to Plaintiff by their actions in the underlying case;

    D. Award Plaintiff appropriate interest, attorneys' fees, costs, and such further and additional relief as the Court may deem just and proper.

*/s/ Mikhail S. Tsukerman*
Mikhail S. Tsukerman,
Acting *Pro Se*
5 Delcrest Court, apt. 104
St. Louis, MO 63124
314-872-9545/314-359-0954 (cell)
tsukerman@sbcglobal.net