UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MIKHAIL S. TSUKERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00990-SRC |
| | ) | |
| LAW FIRM OF BECKER, | ) | |
| HOERNER & YSURSA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of Plaintiff's, Mikhail S. Tsukerman, [1] Complaint.  Based on that review, and for the reasons discussed below, the Court transfers this matter to the United States District Court for the Southern District of Illinois.

### Background

Tsukerman is a self-represented litigant who resides in St. Louis, Missouri.  He has filed a civil complaint against Defendants, Law Firm of Becker, Hoerner & Ysursa and attorney Thomas J. Hunter.  Doc. 1 at pp. 2–3.  Both the law firm and Hunter are located in Belleville, Illinois. Regarding jurisdiction, Tsukerman asserts that he is suing under 42 U.S.C. § 1983.  Doc. 1 at p. 4. In addition, he alleges the existence of diversity jurisdiction, as he is a citizen of Missouri, defendants are Illinois citizens, and he is seeking in excess of $75,000 in damages.  Doc. 1 at pp. 4–5.

In the "Statement of Claim," plaintiff asserts that defendants harmed him when they successfully defended a pro se employment discrimination case that plaintiff litigated on his own behalf.  Doc. 1 at p. 6.  Specifically, he states that he brought an employment discrimination case against an Illinois school district in 2014.  Doc. 1 at p. 9.  In that case, the school hired the

Defendants to defend it.  According to Tsukerman, the Defendants "conducted the case in bad faith," rejected negotiations, "never offered even nominal settlement," "refused to communicate with [him]," and opposed his motions, resulting in the case being "dismissed with prejudice on pure technicalities rather than [the] merits."  Doc. 1 at p. 10.

Based on these facts, Tsukerman seeks compensation for lost wages, as well as pain and suffering.  Doc. 1 at p. 6.  He further requests $700,000 in punitive damages.  Doc. 1 at p. 7.

Along with the complaint, Tsukerman has filed a motion for leave to proceed in forma pauperis, Doc. 2, and a motion for class action certification, Doc. 3.

### Discussion

As noted above, Tsukerman is a self-represented litigant who brings this civil action against a law firm and one of its attorneys, accusing them of wrongdoing in their representation of plaintiff's ex-employer in an employment discrimination case.  He has not, however, adequately alleged venue in this Court.  Venue over civil actions properly resides only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district.  28 U.S.C. § 1406(a).

In the instant action, Tsukerman is suing a law firm and attorney both located in Belleville, Illinois, which itself is located in St. Clair County.  St. Clair County is within the Southern District of Illinois.  *See* 28 U.S.C. § 93(c).  Aside from living in St. Louis, Tsukerman has not demonstrated any connection to the Eastern District of Missouri.  Rather, Defendants are located in Illinois,

Defendants' records are likely located in Illinois, and the events giving rise to the claim took place in Illinois.  Indeed, plaintiff himself admits that "[t]he unlawful practices described herein were committed within St. Clair County, Illinois."  Doc. 1 at p. 8.  As such, venue is proper in the Southern District of Illinois.

When a plaintiff files a case "laying venue in the wrong division or district," the Court can either dismiss it or, "in the interest of justice, transfer such case to any district or division in which it could have been brought."  *See* 28 U.S.C. § 1406(a).  Because Tsukerman is proceeding as a self-represented litigant, the Court finds that it is in the interest of justice to transfer this case to the United States District Court for the Southern District of Illinois.  Tsukerman's motion for leave to proceed in forma pauperis and motion for class action certification will remain pending for review by that court.

Accordingly, the Court orders the Clerk of Court to transfer this case to the United States District Court for the Southern District of Illinois.  *See* 28 U.S.C. § 1406(a).

Dated this 31st day of October, 2022.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE